UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIVIAN BAKER,

    Plaintiff,

v.                                                        Case No.  8:06-cv-1997-T-24 EAJ

ALLIED VAN LINES, INC.,

    Defendant.

_____/

## ORDER

This cause comes before the Court for consideration of Defendant's Motion to Dismiss (Doc. No. 3), Plaintiff's Motion to Remand (Doc. No. 9), and the respective responses thereto (Doc. Nos. 8 and 12).

**I.**    **Background**

In February 2006, Plaintiff contracted with Defendant to transport her motorcycle from Tampa, Florida to Modesto, California.  Plaintiff alleges that when the motorcycle was received in California, it had been stripped of valuable chrome and components.  Plaintiff claims that she has suffered damages in excess of $10,000.00.

On August 15, 2006, Plaintiff filed a complaint in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida asserting claims for breach of contract (Count I) and negligence (Count II) arising from damage to her shipped motorcycle. Defendant then filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1337 and 1441, and 49 U.S.C. § 14706, alleging that this Court has original jurisdiction pursuant to the Carmack Amendment to the I.C.C. Termination Act, 49 U.S.C. § 13101 *et seq*. (collectively the "Carmack Amendment").

Defendant now moves this Court to dismiss Plaintiff's complaint arguing that Defendant is authorized to engage in transportation as a motor carrier within the meaning of the Carmack Amendment and any dispute concerning cargo consigned to Defendant for interstate transportation under an interstate bill of lading must be brought pursuant to the provisions of the Carmack Amendment. Defendant argues that Plaintiff's claims for breach of contract and negligence against Defendant are preempted by the Carmack Amendment.

Plaintiff, in turn, moves this Court to remand this action back to state court arguing that the removal was improper because the complaint, on its face, does not raise federal questions and the specific claims alleged are not preempted by the Carmack Amendment.

**II.     Plaintiff's Motion to Remand**

Plaintiff's motion to remand relies on the premise that her claims are not preempted by the Carmack Amendment. It is clearly established law, however, that the Carmack Amendment completely preempts Plaintiff's state law claims, which arise out of an interstate shipment, and removal by Defendant was proper despite the fact that Plaintiff's complaint does not raise a federal question on its face.

A case may be removed even when the complaint does not assert federal causes of action where the state law claims asserted are completely preempted by a federal statute. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). The Supreme Court has held that the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods. Adams Express Co. v. Croninger, 226 U.S. 491, 505-06

(1913)("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it."); Georgia, Fla. & Ala. Ry. Co. v. Blish Milling Co., 241 U.S. 190, 196 (1916)(the Carmack Amendment embraces "all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation."); New York, Philadelphia & Norfold R.R. Co. v. Peninsula Produce Exch. of Md.., 240 U.S. 34, 38 (1916)(explaining that Carmack Amendment preemption is "comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination"); see also Smith v. United Parcel Serv., 296 F.3d 1244, 1246 (11th Cir. 2002). Plaintiff's claims clearly arise out of conduct involving the interstate transportation of household goods and are, therefore, clearly governed exclusively by the Carmack Amendment and are within the jurisdiction of this Court.  Accordingly, this Court finds that this action was properly removed.

### III.     Defendant's Motion to Dismiss

For the reasons discussed above, Defendant's argument that Plaintiff's complaint should be dismissed because her claims are preempted by the Carmack Amendment is well-taken. Plaintiff's complaint does not state the *prima facie* elements of a claim under the Carmack Amendment, but instead asserts state law causes of action for breach of contract and negligence. Therefore, federal law preempts these claims, and this Court has no alternative other than to dismiss Plaintiff's complaint.   See Smith, 296 F.3d 1244.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)     Plaintiff's Motion to Remand (Doc. No. 9) is **DENIED**.

(2)  Defendant's Motion to Dismiss (Doc. No. 3) is **GRANTED**.  Plaintiff's complaint is dismissed with prejudice.  This order of dismissal with prejudice is directed at Plaintiff's state law claims for breach of contract and negligence and is not to be construed as prohibiting her from pursuing any remedy she may have under the provisions of the Carmack Amendment or from filing a separate action under the provisions of the Carmack Amedment.

(3)  The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of February, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge